In re Andrew C. DREW and Katherine M. Drew, Debtors.

No. 94–20907.

United States Bankruptcy Court,
D. Wyoming.

July 13, 2000.

Thomas E. Campbell, Douglas, WY, Stephen R. Winship, Casper, WY, for debtors.

Randy L. Royal, Greybull, WY, trustee.

### ORDER DISALLOWING CLAIM

PETER J. McNIFF, Bankruptcy Judge.

In this reopened chapter 7 case, the debtors objected to allowance of the claim filed by the chapter 7 trustee on behalf of the Converse County Treasurer. The Treasurer filed a response to the claim objection, and the court held a hearing on June 13, 2000.

No supporting documentation is attached to the claim nor was it introduced at the hearing. On order of the court, the Treasurer provided the documentation, and having considered the arguments of the parties and the supplemental documentation, the court finds and rules as follows.

The determinative issue in this case is whether the debtors have personal liability for unpaid ad valorem taxes which are the basis of the Treasurer's claim. The taxes were imposed against personal property of the debtors during the tax years 1987 through 1994. The majority of the taxes accrued on a 1976 mobile home. The liquidated amount of the claim is $948.84. The debtors object that a Wyoming taxpayer has no personal liability for unpaid ad valorem taxes and therefore, the taxes do not create an allowable unsecured claim entitled to distribution from the estate.

Taxation is a legislative function and taxes can only be assessed through statutory authority. *Chevron U.S.A., Inc. v. State,* 918 P.2d 980, 984 (Wyo.1996). These Converse County delinquent taxes are personal property taxes imposed under Wyoming's Ad Valorem Taxation statutes, Wyoming Statutes Ann. §§ 39–13–101 through 111 (Lexis 1999).

484

Ad valorem taxes are generally imposed by jurisdiction over the actual property being assessed. On review of the Wyoming ad valorem tax statutes, the court found no statutory provision creating personal liability for the taxpayer. The ad valorem statutes are also different from the statutes imposing sales and use tax. Those sections contain provisions specifically imposing liability on the taxpayer. *See,* Wyo. Stat. Ann. §§ 39–15–103(c)(ii) & 39–16–103(c)(ii) (Lexis 1999).

The enforcement of a delinquent ad valorem tax is by imposition of a lien and subsequent foreclosure. Wyo. Stat. Ann. § 39–13–108(d)(Lexis 1999). The enforcement provisions also state that "[n]o deficiency judgment shall be rendered against any party to an action pursuant to this subsection." Wyo. Stat. Ann. § 39–13–108(d)(iv) (Lexis 1999).

Although discussing an earlier tax statute, the Wyoming Supreme Court has stated that there is no taxpayer liability for assessed property taxes. *Big Horn County, Board of County Com'rs of v. Bench Canal Drainage Dist.,* 56 Wyo. 260, 108 P.2d 590, 592 (1940). Based on the apparent lack of specific language imposing personal liability on a taxpayer for personal property taxes and the other factors discussed, the court rules the debtors have no personal liability for the ad valorem taxes which constitute the basis of the Treasurer's claim.

 The effect of such a conclusion is fatal to allowance of a claim in a chapter 7 case. In a chapter 11 case, a nonrecourse creditor's claim is specifically entitled to distribution from the estate. 11 U.S.C. § 1111(b). *In re Krisch Realty Associates, L.P.,* 174 B.R. 914, 918 (Bankr. W.D.Va.1994). However, there is no provision under chapter 7 for a nonrecourse creditor to assert a claim against the estate. *In re Allen–Main Associates Ltd. Partnership,* 223 B.R. 59, 63 (2nd Cir. BAP 1998).

Under 11 U.S.C. § 502(b)(1), a claim that is unenforceable against the debtor must be disallowed. To the extent the Converse County Treasurer has an enforceable lien under Wyoming law, that lien is unaffected by this ruling.

Accordingly, IT IS ORDERED that unsecured claim number 21 of the Converse County Treasurer for unpaid ad valorem taxes is disallowed.